HORACE ROBERSON AND ELMER W. DEMAREST, PART-NERS AS ROBERSON & DEMAREST, PLAINTIFFS-RESPONDENTS, v. WILLIAM T. S. CRICHFIELD, DEFENDANT-APPELLANT.

Argued March 11, 1915—Decided June 14, 1915.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This appeal brings up for review upon matters of law a judgment recovered by the respondents in the Hudson Circuit.

The issues presented by the pleadings and submitted to the jury were—*first,* whether or not the services for which the plaintiffs claimed compensation were rendered by them to the defendant and were within the scope of the former's employment by the latter, and *second,* the reasonable value of such services as were so rendered.

"The grounds of appeal, nine in number, deal wholly with alleged errors in the admission of evidence. We have carefully examined these grounds without discovering in any instance a trial error that requires the reversal of the judgment.

"A considerable part of the briefs of counsel is taken up with a discussion of the question whether the bill that the plaintiffs as attorneys-at-law were required to deliver to the defendant as a prerequisite to commencing an action therefor ought to be a taxed bill under section 9 of the Practice act as it stood prior to April 22d, 1911, or simply a bill under the amendment to the Practice act of that date. *Pamph. L.* 1911, *p.* 412. It would be profitless as far as the present appeal is concerned to follow this discussion, for the reason that the questions so discussed are not raised in their legal aspect by any exception taken to any ruling of the court below, or by any motion in the cause or request to charge that we can find, and there was neither a motion to nonsuit or a motion for the direction of a verdict.

"If there be any such motion or request that has escaped our notice and that of counsel, it would be ineffective because not made a ground of appeal.

"The ground of appeal under which the matter in question is discussed challenges a ruling upon the admission of oral evidence as to the reasonableness of the charges made by the plaintiffs. The question put to the witness was, 'Are the charges that you made reasonable or unreasonable?' and the ruling was, 'I will rule that the question is permissible and you may have an objection in the nature of an exception noted in the record.' (Objection noted for the defendant.)

"This exception and the ground of appeal based thereon present merely the ruling of the court on the admission of

oral testimony as to the value of services and in no way presented in any legal aspect the question of the statutory status of the plaintiffs that is discussed in ·the briefs.   Upon the matter so discussed, we express, therefore, no opinion, and the amount of the verdict is not subject to our review upon this ·appeal.

"The judgment of the Circuit Court is affirmed."

For the appellant, *Collins & Corbin.*

For the respondents, *Merritt Lane.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ.   11.

*For reversal*—None.