*92 N. J. L.* Transparent Rub. Works v. Internat. Glass Co.

In my judgment, there was some evidence, though slight, that the chauffeur was about his master's business in taking the party out, and that a jury question was presented as to whether the agent at the time was running contrary to his master's orders, without regard to whether the act was done negligently, or even maliciously, as was said in the Bittle case. I do not say but that on a verdict for the plaintiff the trial judge would have been justified in setting it aside on rule to show cause. With that question we are not concerned. The only question before us is as to whether or not a factual question was presented when the case was rested, which required submission to the jury. I am clearly of opinion that it was, and shall vote to reverse for that reason.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 10.

*For reversal*—THE CHANCELLOR, TRENCHARD, KALISCH, WHITE, JJ. 4.

---

TRANSPARENT RUBBER WORKS, RESPONDENT, v. INTERNATIONAL GLASS COMPANY, APPELLANT.

Argued June 19, 1918—Decided November 18, 1918.

The parties contracted, in writing, for the manufacture and delivery of a quantity of glass moulds, to be delivered as called for. The defendant finally wrote to plaintiff to the effect that it had no facilities for the work, and requesting plaintiff to find "some other source of supply." This the plaintiff did at an increased cost of $7,000. The court directed a verdict for the amount claimed, after requesting counsel to indicate whether there was any jury question in the case, and receiving no reply. In this situation, the only question preseneted in the case, was the issue of impossibility of performance, presented by the pleadings, and under the circumstances impossibility of performance presented no valid defence.

On appeal from the Supreme Court.

For the respondent, *Philip J. Schotland.*

For the appellant, *Henry O. Burt.*

The opinion of the court was delivered by ·

MINTURN, J.   The parties entered into a written agreement, whereby defendant contracted to manufacture and supply to the plaintiff two thousand gross assorted glass moulds at $4.50 per gross net f. o. b. Millville, to be delivered as called for.

After the execution of the agreement, and some desultory correspondence concerning it, the following letter was received by the plaintiff:

"It seems to us that the only way these can be made of glass is to have them pressed, but as we do not have facilities for pressing this glass, we could not do this for you here.

"Regretting our inability to serve you, and trusting that you will find some other source of supply, we are,

"Yours very truly,
"INTERNATIONAL GLASS COMPANY."

Plaintiff thereupon found another manufacturer who agreed to perform the contract at $8 per gross, resulting in a loss to plaintiff of $7,000, in addition to an advance of $90, which the plaintiff had advanced to defendant under the terms of the contract.   The suit resulted in a verdict by direction of the court for that amount, and from the judgment entered thereon this appeal was taken.

The only defence interposed at the trial was impossibility of performance.   In the brief questions are presented involving the construction of the contract, and the damages consequent on the breach thereof, but since those issues were not urged or pressed at the trial, we will not consider them here. *Roberson v. Crichfield,* 94 *Atl. Rep.* 583; 87 *N. J. L.* 708.

The trial court inquired of counsel before directing the

verdict whether there was anything to leave to the jury, and if there was, he would be glad to leave it to them. As a fact there was nothing for the jury to consider, since the construction of the terms of the contract was for the court, and no issue had been made by the introduction by defendant of testimony upon the subject of damages. No reply was made, however, to the inquiry, and therefore the presumption resulted that no objection to the court's course of procedure was intended. *"Consensus facit legem."*

We think that the construction of the contract given to it by the trial court was correct. The rule is firmly embedded in contract law, subject to certain exceptions, not involved here, that impossibility of performance is no valid answer to a suit for damages for non-performance of a written contract. *Trustees* v. *Bennett*, 27 *N. J. L.* 513; *Knappman* v. *Middlesex Co.*, 64 *Id.* 240; 45 *Atl. Rep.* 692; 6 *R. C. L.* 365, and cases cited; 13 *Corp. Juris*. 635, and cases cited.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WILLIAMS, JJ. 10.

*For reversal*—WHITE, TAYLOR, GARDNER, JJ. 3.